William Jeff BEAN, Appellant

v.

BLUEBONNET SAVINGS
BANK FSB, Appellee.

No. 05–93–01626–CV.

Court of Appeals of Texas,
Dallas.

August 11, 1994.

Allan Brent Diamond, Houston, for appellant.

James F. Boyle, Grand Prairie, for appellee.

Before BAKER, OVARD and MALONEY, JJ.

### OPINION

MALONEY, Justice.

Bluebonnet Savings Bank F.S.B. sued William Jeff Bean to recover on two promissory notes. The trial court granted Bluebonnet's motion for summary judgment. In seven points of error, Bean asserts the trial court erred in granting summary judgment. We affirm the trial court's judgment.

### BACKGROUND

Bean executed promissory notes to North-Park Savings Association (the NorthPark Note) and to Commodore Savings Association (the Commodore Note). Federal Home Loan Bank Board declared both NorthPark and Commodore insolvent and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver. FSLIC transferred and assigned both the NorthPark Note and the Commodore Note to Bluebonnet.[1]

Bean defaulted on both notes. Bluebonnet foreclosed on the property that secured the Commodore Note and brought a deficiency action on the remainder. Bluebonnet filed suit on the NorthPark Note. Bluebonnet moved for summary judgment alleging it was the owner and holder of the two notes.

Bean's response to the summary judgment motion alleged that material fact issues existed on whether Bluebonnet possessed either note and whether any entity negotiated the notes to Bluebonnet. Bean also contended that Bluebonnet did not present sufficient evidence to prove that it was the holder in due course of the notes. At the summary judgment hearing and in a postsummary judgment hearing brief, Bluebonnet argued that it was entitled to judgment under the federal holder in due course doctrine. . The trial court granted Bluebonnet's motion for summary judgment.

### SUMMARY JUDGMENT

Bean argues that this appeal turns on whether Bluebonnet proved it was a holder in due course. He also maintains the trial court erred in granting summary judgment on a legal theory (federal holder in due course doctrine) that Bluebonnet did not raise in its summary judgment motion. Specifically, Bean contends the trial court erred in granting summary judgment because: genuine issues of material fact exist; the trial court did not "resolve factual disputes" for Bean; Bluebonnet's summary judgment evidence is insufficient to support summary judgment; Bluebonnet did not prove it was the owner and holder of the notes; and the trial court improperly relied on the federal holder in due course doctrine.

#### 1. Standard of Review

■ The standard of review in a summary judgment case is well established. See TEX. R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252

---

1. Although Bluebonnet's name changed, the enti-    ty remained the same.

S.W.2d 929, 931 (1952). A fact is established as a matter of law if ordinary minds cannot differ on the conclusion to be deduced from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657–58 (Tex. App.—Dallas 1992, no writ).

■ We consider only the grounds expressly alleged in the motion for summary judgment and the fact issues expressly asserted in the response. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341–43 (Tex.1993). However, the nonmovant's failure to respond cannot supply by default the summary judgment proof necessary to establish the movant's entitlement to judgment. *Id.* at 343. When a movant asserts alternative grounds for summary judgment and the trial court does not specify the ground upon which it granted judgment, the appellant must show that each of the independent grounds was insufficient to support the court's judgment. *Parker v. Yen,* 823 S.W.2d 359, 362 (Tex.App.—Dallas 1991, no writ).

### 2. Applicable Law

■ To recover on a promissory note, the plaintiff must prove: (1) the note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. *See Cockrell v. Republic Mortgage Ins. Co.,* 817 S.W.2d 106, 111 (Tex. App.—Dallas 1991, no writ); *Jernigan v. Bank One,* 803 S.W.2d 774, 775 (Tex.App.— Houston [14th Dist.] 1991, no writ); *Sorrells v. Giberson,* 780 S.W.2d 936, 938 (Tex.App.— Austin 1989, writ denied). An owner may recover on a lost promissory note by proving the note is lost and the terms of the obligation. TEX.BUS. & COM.CODE ANN. § 3.804 (Tex.UCC) (Vernon 1968); *Jernigan,* 803 S.W.2d at 776.[2] Absent controverting evidence, affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes. *See Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex. 1983).

■ Negotiation or assignment can change ownership of a promissory note. *See Dillard v. NCNB Tex. Nat'l Bank,* 815 S.W.2d 356, 360 (Tex.App.—Austin 1991, no writ), *overruled on other grounds, Amberboy v. Societe de Banque Privee,* 831 S.W.2d 793, 797 (Tex.1992); *see also Lexington Ins. Co. v. Gray,* 775 S.W.2d 679, 682 (Tex.App.— Austin 1989, writ denied), *overruled on other grounds, Amberboy,* 831 S.W.2d at 797. Affidavit testimony can establish transfer of ownership or assignment from FSLIC to another institution. *Christian v. University Fed. Sav. Ass'n,* 792 S.W.2d 533, 534 (Tex. App.—Houston [1st Dist.] 1990, no writ).

■ Texas statutes allow a holder in due course to take an instrument free from personal defenses.[3] TEX.BUS. & COM.CODE ANN. § 3.305 (Tex.UCC) (Vernon 1968). The federal holder in due course doctrine protects the FDIC, and subsequent purchasers of negotiable instruments, from secret agreements, personal defenses, and certain affirmative claims of obligors. *See Cockrell,* 817 S.W.2d at 114. A plaintiff need not be a holder in due course to recover on a lost promissory note. *See* TEX.BUS. & COM.CODE ANN. § 3.804.

### 3. The Summary Judgment Evidence

#### a. Bluebonnet's Evidence

Kimberly Scott, a deficiency analyst at Bluebonnet, testified by affidavit. She had care, custody, and control of Bean's loan files. Scott was familiar with the assets that FSLIC transferred to Bluebonnet. Scott's affidavit and its attachments showed:

1) FSLIC assigned and transferred the Commodore Note and extension agreement to Bluebonnet;

**2.** The trial court may require security to indemnify and protect an obligor from further claims. TEX.BUS. & COM.CODE ANN. § 3.804.

**3.** A holder in due course is a holder who takes the instrument (1) for value, (2) in good faith,

and (3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. TEX.BUS. & COM.CODE ANN. § 3.302(a) (Tex.UCC) (Vernon 1968).

2) Bluebonnet owned and possessed the Commodore Note;

3) FSLIC assigned and transferred the NorthPark Note to Bluebonnet;

4) Bluebonnet owned the NorthPark Note;

5) Bean defaulted on the Commodore and NorthPark Notes;

6) the original NorthPark Note was lost, Bluebonnet had searched for it, and Bluebonnet had attached a true and correct copy of the note (unexecuted) along with the loan agreement;

7) the amounts due and owing on the Commodore and NorthPark Notes; and

8) Bluebonnet retained counsel to collect the notes and made demand for payment.

Bluebonnet also presented summary judgment evidence on its attorney's fees.

### b. Bean's Evidence

Bean's affidavit merely certified his requests for production and responses thereto. Bean presented no other summary judgment evidence.

### 4. Application of Law to Facts

■ Bluebonnet's summary judgment evidence showed that it owned the notes and the notes were in default. Bluebonnet also proved the amounts due and owing on the notes.

■ Neither Bean's summary judgment evidence nor his brief cite us to any relevant portions of the discovery. We have no duty to search the record. *Most Worshipful Prince Hall Grand Lodge, Free & Accepted Masons v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Bean presented no summary judgment evidence that raised a genuine issue of material fact on Bluebonnet's ownership of the notes. Nor did Bean dispute that either note was in default or the amounts due and owing on them. We have reviewed Bluebonnet's responses to Bean's requests for production. Bluebonnet's responses raise no fact issues.

■ On appeal, Bean only argues that Bluebonnet did not prove that it was a holder, a holder in due course, or a federal holder in due course. Because Bean pleaded no personal defenses, "holder" issues were not relevant to Bluebonnet's recovery. Bluebonnet proved as a matter of law that it was entitled, as owner, to recover on the notes. We overrule Bean's points of error.

We affirm the trial court's judgment.