**Raymond M. LOVE, Jr.,**
**et al., Appellants,**

v.

**L K & P, LIMITED, Appellee.**

**No. 10–94–314–CV.**

Court of Appeals of Texas,
Waco.

April 17, 1996.

Rehearing Overruled May 15, 1996.

H. Clint Milner & Jerry M. Brown, Thornton, Payne, Watson & Kling, Bryan, for appellants.

Bryan F. Russ, Jr. & Molly A. Hedrick, Palmos, Russ, McCullough & Russ, L.L.P., Hearne, for appellee.

Before CUMMINGS and VANCE, JJ.

## OPINION

PER CURIAM.

L K & P, Limited (L K & P) brought this suit against Raymond Love, Jr. and his sister Marie Nickle as transferors of two unindorsed promissory notes. L K & P also sued Raymond's wife, Georgia, and Marie's husband, Keith, based upon spousal liability. Raymond, Marie, Georgia, and Keith will be collectively referred to as Appellants. Both

sides moved for summary judgment; the court denied Appellants' motion and granted L K & P a partial summary judgment holding Appellants liable to some degree [1] on the notes.

We conclude that a person who does not sign an instrument is not liable as an indorser and that the court erred in granting judgment in favor of L K & P and in denying Appellants' motion for summary judgment. Therefore, we will reverse the judgment and render the judgment that the court should have rendered granting Appellants' motion for summary judgment.

## BACKGROUND

On December 7, 1985, Marie and Raymond sold 71.4 acres of land in Robertson County to Robert and Betty Krus. The Kruses executed two Real Estate Lien Notes, one to Raymond and one to Marie, each in the amount of $58,772.50 (the Krus notes). The payment of the notes was secured by a recorded Deed of Trust covering the property.

At the time of the sale, the 71.4-acre tract was encumbered by a lien in favor of the First National Bank of Navasota (the Bank), which secured a promissory note made by Raymond and Marie in the amount of $125,-000. In exchange for the Bank's releasing its lien on the property, Raymond and Marie transferred the Krus notes and Deed of Trust to the Bank as security for the $125,-000 note (the collateral transfer). Although Raymond and Marie signed the "Collateral Transfer of Note," they did not indorse either of the Krus notes.

The Federal Deposit Insurance Corporation (FDIC) was appointed receiver of the Bank when it was declared insolvent. Raymond and Marie's note was in default, and on September 25, 1991, the FDIC foreclosed on the collateral, *i.e.* the two Krus notes and the Deed of Trust securing them. James McCullough purchased the collateral at the fore-

closure sale for $51,501 and assigned them to L K & P. Because the Krus notes were also in default, L K & P foreclosed upon the 71.4 acres, selling the property to McCullough at the foreclosure sale for $51,501. L K & P then instituted this suit against the Appellants to collect the balance due on the notes.[2]

Both sides moved for summary judgment. L K & P asserted that it was entitled to have Raymond's and Marie's unqualified indorsements, and therefore was entitled to judgment. Raymond and Marie contended that they could not be liable as indorsers on instruments they had not signed. L K & P's motion also sought judgment against Raymond's and Marie's respective spouses, Georgia and Keith, based upon spousal-liability rules. TEX.FAM.CODE ANN. § 5.61 (Vernon 1993). Georgia and Keith countered that they could not be liable on the Krus notes, even if their spouses are liable on the notes, because their separate property and sole-management community property is not subject to the contractual liability of their spouses. *Id.*

The court granted a partial summary judgment in favor of L K & P on all issues except for the value of the property securing the two Krus notes. After the parties stipulated to the amount of credit to be allowed for the value of the 71.4 acres,[3] the court signed a final judgment and this appeal followed.

Appellants raise eight points of error. However, finding merit to points one, two, and eight, we need not address the others. First, Appellants contend that the court erred in granting a summary judgment against Georgia and Keith, the spouses. Second, they contend that the court erred in granting summary judgment against Raymond and Marie because they did not indorse the Krus notes. In their eighth point, they assert that the court erred in failing to grant their motion for summary judgment.

---

**1.** The judgment limited Georgia's and Keith's liability to exclude separate property.

**2.** Robert Krus had filed for bankruptcy and was not named in the suit. Betty Krus was a defendant and a summary judgment was rendered against her, but she did not appeal.

**3.** TEX PROP.CODE ANN. § 51.003 (Vernon 1995) (allowing a debtor to contest the fair market value of the foreclosed property in a deficiency suit).

## STANDARD OF REVIEW

■ A party is entitled to a summary judgment if there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). Because competing motions for summary judgment were filed and one was granted and the other denied, we will review both motions and render judgment for the party whose motion should have been granted. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980).

## RAYMOND'S AND MARIE'S LIABILITY ON THE KRUS NOTES

■ Because Appellants' first point (spousal liability) is dependent upon their second, we begin with point two: that the court erred in holding Raymond and Marie liable on the Krus notes in the absence of their signatures. To prove its entitlement to summary judgment and to collect on the four notes, L K & P had to conclusively establish: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. *Bean v. Bluebonnet Sav. Bank F.S.B.*, 884 S.W.2d 520, 522 (Tex.App.—Dallas 1994, no writ).

The contested element is the second one. Each side points to the Krus notes and the absence of, or right to, indorsements thereon in support of its argument that it has established its right to a summary judgment. L K & P asserts that Raymond and Marie are liable on the Krus notes because (1) they transferred the Krus notes to the Bank in exchange for the Bank's releasing the lien on the land, (2) the instrument was not payable to bearer, and (3) there was no agreement as to the extent of recourse the Bank would have against Raymond and Marie on the Krus notes. Tex.Bus. & Com.Code Ann. § 3.201(c) (Vernon 1994).[4] Raymond and

Marie claim that they did not indorse the notes and, therefore, have conclusively negated the second element. *Id.* § 3.401.[5]

At the time of Raymond and Marie's collateral transfer of the Krus notes, section 3.201 provided:

Unless otherwise agreed any transfer for value of an instrument not then payable to bearer gives the transferee the specifically enforceable right to have the unqualified indorsement of the transferor. Negotiation takes effect only when the indorsement is made and until that time there is no presumption that the transferee is the owner.

*Id.* § 3.201(c).

L K & P asserts that it has shown its entitlement to have unqualified indorsements from Raymond and Marie under section 3.201, and that it has therefore established its right to judgment on the Krus notes. We disagree for two reasons.

### OTHER AGREEMENT NEGATES ENTITLEMENT TO ENDORSEMENT

■ First, the summary judgment evidence conclusively established that there was another agreement. *Id.* The Collateral Transfer of Note, executed by Raymond, Marie, and the Bank at the time of the transfer of the two notes and the Deed of Trust, stated that Raymond and Marie "hereinafter called 'Debtor' ... hereby TRANSFERS, ASSIGNS, AND CONVEYS unto [the Bank], hereinafter called *'Secured Party'* ... the promissory note[s] (herein called COLLATERAL and in which Debtor grants to *Secured Party a Security Interest*) and all liens, rights, titles, equities and interests securing the same." (Emphasis added).

L K & P asserts in its brief that "neither the notes or the collateral transfer give any

---

4. This provision was amended after the date of the collateral transfer. Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex.Gen.Laws 2343, 2416–17, *amended by* Act of May 28, 1995, 74th Leg., R.S., ch. 921, § 1, 1995 Tex.Gen.Laws 4582, 4588–89 (current version at Tex.Bus. & Com. Code Ann. § 3.203(c) (Vernon Supp.1996)). However, for simplicity, we will cite to the 1994 Code rather than to the Session Laws in this opinion.

5. This provision has also been amended since the time of the collateral transfer, but the absence of liability without a signature was not changed. Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex.Gen.Laws 2343, 2423, *amended by* Act of May 28, 1995, 74th Leg., R.S., ch. 921, § 1, 1995 Tex.Gen.Laws 4582, 4596. As noted, we will cite to the 1994 Code in this opinion.

indication of any agreement between Appellants and the Bank that the notes were to be transferred with anything but an unqualified indorsement, and Appellants testified there were no agreements between them and the Bank." We disagree. First, Raymond and Marie testified by deposition that there were no agreements with the Bank *other than* the Collateral Transfer of Note. Second, the language of the collateral transfer document conclusively establishes an agreement contrary to one requiring Raymond's and Marie's unqualified indorsements on the Krus notes. Marie and Raymond "transfer[ed], assign[ed], and convey[ed]" the Krus notes to the Bank. One who transfers a security interest in an instrument "vests in the transferee such rights as the transferor has therein." *Id.* § 3.201(a), (b). Plainly, the notes were transferred to the Bank for security, and the Bank obtained whatever rights Raymond and Marie possessed against the Kruses. *Id.* However, the transfer of the security interest did not create liability on the Krus notes for Raymond and Marie. *See id.* Their liability was on the $125,000 note they made in favor of the Bank.

In *Osburn v. Smart,* the case relied upon by L K & P in which the court imposed liability upon a transferor without his indorsement, there was no evidence of a collateral transfer or any other agreement; *Osburn* involved the "sale" of a note in exchange for real property. *Osburn v. Smart,* 58 S.W.2d 1073, 1074 (Tex.Civ.App.—Fort Worth 1932, writ dism'd). Therefore, *Osburn* is distinguishable from these facts.

LACK OF INDORSEMENT PREVENTS LIABILITY

■ Second, even if there was no agreement otherwise, and L K & P was entitled to Raymond's and Marie's indorsements on the Krus notes, there is no summary judgment evidence that it ever requested they do so. TEX.BUS. & COM.CODE ANN. § 3.201(c). L K & P cites *Osburn* in support of its argument that it is entitled to judgment against Raymond and Marie even in the absence of their indorsements. *Osburn,* 58 S.W.2d at 1080 (on rehearing). As noted, the facts of *Osburn* are distinguishable from those before us now. Furthermore, we decline to follow

*Osburn* and rely instead upon the plain language of the Business and Commerce Code and the rationale set forth in *Estrada v. River Oaks Bank & Trust Co.,* 550 S.W.2d 719, 728 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.).

In *Estrada,* George Lewis obtained a loan from River Oaks Bank and pledged four notes, made by Dr. William Estrada and payable to Lewis, as collateral. A collateral transfer was executed, but Lewis did not indorse any of the Estrada notes. Lewis and Estrada defaulted, and the bank sued them both.

The bank sued Lewis, both in his capacity as maker of his note and as indorser of the Estrada notes, but the court entered summary judgment against Lewis only as maker of his note. The court entered summary judgment against Estrada as the maker of the collaterally transferred notes. Only Estrada appealed.

■ *Estrada* differs from the case before us because the payee/transferor was not involved in that appeal; however, we agree with the court's reasoning in *Estrada* in its interpretation of section 3.201(c):

River Oaks had the specifically enforceable right to have the unqualified indorsement of Lewis on the Estrada notes. [citation omitted]. For reasons unknown to this court, River Oaks had Lewis sign only the collateral assignment.... Neglecting to acquire the transferor's indorsement on an instrument introduces a needless element of uncertainty into commercial transactions which should be consummated with utmost care.

*Id.*

Because the bank in *Estrada* failed to obtain Lewis' indorsement, the court held that it was an assignee rather than a holder in due course of the Estrada notes. *Id.* As such, it took the notes subject to any defenses Estrada had against Lewis. *Id.* Necessary to the court's holding was its refusal to presume an indorsement even though the assignee, the bank, had the right to have an indorsement. *See id.*

■ Applying the *Estrada* holding to this case, the failure of the owners of the Krus

notes to obtain indorsements from Raymond and Marie on the notes left L K & P in the position of suing Raymond and Marie on an instrument they did not sign. Following *Estrada*, we will not read in an indorsement where none exists. *See id.*

■ The code dictates that a person is not liable on an instrument if he or she did not sign it. TEX.BUS. & COM.CODE. ANN. § 3.401(a). We must give effect to the plain language of the statute, and the evidence is undisputed that neither Raymond nor Marie indorsed either of the Krus notes. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990).

For the foregoing reasons, we hold that the court erred in rendering judgment against Raymond and Marie on the Krus notes. Appellants' second point is sustained.

### SPOUSAL LIABILITY

■ Having sustained point two, we briefly discuss point one—that the court erred in holding the spouses of Marie and Raymond liable on the notes based on spousal liability. Georgia's and Keith's liability hinged upon the liability of Raymond and Marie. *See* TEX.FAM.CODE ANN. § 5.61. Because we held that the court erred in rendering summary judgment against Raymond and Marie, we must also hold that the court erred in holding Georgia and Keith liable. Appellants' first point is sustained.

### APPELLANTS' MOTION FOR SUMMARY JUDGMENT

The signatures of Raymond and Marie do not appear on the instrument being sued upon; we held above that the right to have an indorsement is not the equivalent of having an indorsement. Therefore, Raymond and Marie conclusively negated one of the elements to L K & P's right to recovery—the signature of the party being sued—and have established their right to summary judgment. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Bean*, 884 S.W.2d at 522. The court erred in failing to grant summary judgment in favor of Raymond and Marie. Furthermore, the court erred in failing to grant the motion for sum-

mary judgment as it related to Keith and Georgia as the basis for their liability—the liability of their spouses—was conclusively negated. *Id.;* TEX.FAM.CODE ANN. § 5.61. Point eight is sustained.

Having sustained points one, two, and eight, we will render the judgment that the court below should have rendered: L K & P's motion for summary judgment is denied; Appellants' motion for summary judgment is granted. L K & P shall take nothing from Raymond, Georgia, Marie, or Keith by way of its suit.