Opinion Issued April 29, 2004 
















     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00047-CV




DONALD RAY LEAVINGS, Appellant

V.

JIM MILLS, INDIVIDUALLY AND D/B/A MULTIMORTGAGE
BANCORP, Appellees




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 99990




O P I N I O N

          Appellant, Donald Ray Leavings (Leavings), challenges the trial court’s
rendition of summary judgment in favor of appellees, Jim Mills, individually and
d/b/a Multimortgage Bancorp (collectively Mills), in a suit for (1) removal of an
encumbrance on property owned by Leavings resulting from Mills’ enforcement of
a trust deed pursuant to a note granting a security interest in the property; (2)
declaratory judgment; (3) deceptive trade practices violations; and (4) usury. In three
issues, appellant contends the trial court erred in rendering summary judgment and
awarding Mills the right to foreclose on Leavings’ property because Mills failed to
establish as a matter of law that he was the owner or holder of the note and entitled
to recover the amount due on the note. We reverse and remand. 
Background
          In November 1984, John E. Leavings and his wife Evelyn Fay Leavings, both
elderly and now deceased, entered into a home improvement contract with Solar
Marketing Corporation. The contract called for the installation of a home
improvement solar heating system. The Leavings executed a note entitled “Contract
for Labor and Materials and Trust Deed” in which they agreed to pay Solar Marketing
for the heating system pursuant to the terms of a note to be executed upon completion
of the work in the amount of $8,495 at 16.5% interest per annum, payable in 120
installments of $146.82 each (the Note).


 The Leavings also executed a “Retail
Installment Contract Truth in Lending Disclosures” form that same day. Both the
Note and the Truth in Lending Disclosures stated that Solar Marketing retained a
security interest in the tank, pipes, and valves of the solar water heating system, and
the Note granted Solar Marketing a mechanic’s and materialman’s lien on the
Leavings’ home. The reverse side of the Note contained an assignment of the Note
from Solar Marketing Corporation to Briercroft Service Corporation.
          In 1987, after repeated problems with the heating system, the Leavings ceased
making payments on the Note. In October 1987, they received a letter from a law
firm representing Briercroft Service Corporation which noted that Briercroft had
entered into a Settlement Agreement with the Texas Attorney General regarding
Briercroft’s alleged derivative liability resulting from its loan customers’ transactions
with Solar Marketing Corporation. Briercroft extended the terms of the Settlement
Agreement to the Leavings, but they refused the offer and sent a counteroffer to
Briercroft. Briercroft ignored the counteroffer, and the Leavings did not further
pursue it.
          In March 1989, the Leavings received a letter from Briercroft advising them
that the Note was in default, demanding past due payments and interest, and
threatening to foreclose on their home. The Leavings’ attorney responded, and
Briercroft did not further pursue its demand at that time.
          In May 1997, Evelyn Fay Leavings received a letter from “Trustees of Texas,”
signed by James Mills, claiming that the Note had fully matured, demanding payment
in the amount of $21,196, and threatening to foreclose. After receiving the letter,
Evelyn Fay Leavings filed suit against Mills as substitute trustee and other substitute
trustees to enjoin the threatened foreclosure.


 The trial court granted a temporary
injunction on June 6, 1997 to prevent foreclosure. In February 1998, Mills filed a
counterclaim seeking an order of possession and foreclosure, and claiming that he
was the owner and holder of the Note executed by the Leavings, which he had
purchased from the receiver of Briercroft Savings Association. 
          On June 26, 2002, Mills filed a motion for summary judgment that forms the
basis of this appeal. In the motion, Mills stated that he was the owner and holder of
the Note dated November 15, 1984, which was secured by a lien on the Leavings’ real
property. Mills stated that the Leavings’ obligation “was held by the Briercroft
Saving and Loan Association [sic] which was eventually taken over by the FSLIC and
OTS who sold the note through the RTC.” Mills claimed the Note was due in full on
February 10, 1995 and the amount due on the note as of June 21, 2002 was
$73,572.63. 
          In support of his motion, Mills attached, as Exhibit 1, his affidavit attesting that
he was the owner and holder of the Note and verifying his affidavit exhibits A-F,
including the Note, the Truth in Lending Disclosures, the assignment of the Note
from Solar Marketing to Briercroft Service Corporation, and other documents which
Mills attested were “true and correct copies of all signed documents from (builder)
[sic] to final owner, JAMES C. MILLS.” 
          Exhibit 1 to Mills’ affidavit is a “Transfer and Assignment Agreement” dated
October 23, 1995 between Briercroft Service Corporation and Old Republic Insured
Financial Acceptance Corporation which assigns the Leavings’ Note from Briercroft
Service Corporation, as owner and holder of the Note, to Old Republic, as Purchaser,
pursuant to “that certain Loan Sale Agreement dated October 23, 1995,” and
“pursuant to the terms and conditions of said Loan Sale Agreement.” The Transfer
and Assignment Agreement from Briercroft Service Corporation to Old Republic is
signed by Jon G. Moyer for Briercroft Service Corporation. However, the referenced
October 23, 1995 Loan Sale Agreement is not attached. Therefore, we are unable to
determine the terms and conditions under which the assignment of the Note to Old
Republic was made. 
          Exhibit 3 to the motion for summary judgment, the affidavit of Daniel Bell,
resolution specialist for the Federal Deposit Insurance Corporation (FDIC) as
successor to the Resolution Trust Corporation (RTC), attests that Jon G. Moyer had
full authority to execute “the attached copy of the Transfer and Assignment
Agreement recorded in the public real estate records of Fort Bend County, Texas.” 
The Bell affidavit then identifies the October 23, 1995 Loan Sale Agreement as an
agreement between Briercroft Service Corporation and the RTC as Receiver for
Beacon Federal Savings Association as sellers and Old Republic as purchaser, and
states that the Loan Sale Agreement is “permanently recorded with the Resolution
Trust Corporation as RTC Master Contract Nos. 37624 (Beacon) & 37625
(Briercroft) and stored as Case # DOSSWF-SA-5615.” Once again, however, the
Loan Sale Agreement is not attached, so that the record includes none of the terms
and conditions under which the Leavings’ Note was sold by Briercroft Service
Corporation and the RTC to Old Republic. 
          In his own affidavit, Mills testifies that he is the owner of Multimortgage
Bancorp and that Exhibit 2 to his motion for summary judgment, the affidavit of Jo
Comstock, the records keeper of Old Republic, “attests the sale and assignment” of
the Note to him. He further attests that “[t]he note was fully due and payable on
February 10, 1995.” However, no transfer of the Note to Mills or Multimortagage
Bancorp is referenced in the Comstock affidavit. The affidavit, dated January 24,
2002, merely states, “The document attached to this affidavit is a true and correct
copy of the Loan Sale Agreement of October 23, 1995 between Briercroft Service
Corporation and the Resolution Trust Corporation as Receiver for Beacon Federal
Savings Association as sellers and Old Republic Insured Financial Acceptance
Corporation as purchaser, that is a permanent part of the files and records of Old
Republic Insured Financial Acceptance Corporation.” Again, no document is
attached to the Comstock affidavit. The only reference to Mills in the Comstock
Affidavit is the statement, “I am fully aware that this affidavit will become a
permanent part of the records of James C. Mills and MultiMortgage BanCorp and as
such will be used as an exhibit in a Court of Law.” 
          The summary judgment evidence concludes with the fee affidavit of Mills’s
attorney, Lester R. Busbee, III.
          On August 5, 2002, the trial court heard and granted Mills’ motion for
summary judgment. The trial court sustained the Leavings’ objections to one of
Mills’ affidavits, but denied the Leavings’ motion to file a supplemental response. On
October 1, 2002, the trial court signed the final summary judgment ordering that Mills
was entitled to foreclose his lien on the Leavings’ property as owner and holder of the
Note executed by the Leavings; awarding Mills a judgment against the Estate of
Evelyn Fay Leavings in the amount of $73,572.63; and awarding Mills $25,000 in
attorney’s fees. This appeal followed.
Discussion
Standard of Review
          A party moving for summary judgment has the burden of proving that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt.Co., 690 S.W.2d 546, 548 (Tex.
1985). In deciding whether a disputed material fact issue exists, we accept as true
evidence favorable to the non-movant and indulge every reasonable inference and
resolve any doubts in the non-movant’s favor. Id. at 548-49.
          In its order granting summary judgment for Mills, the trial court did not state
the specific grounds for its ruling. Therefore, we will affirm if any of the theories
advanced in Mills’ summary judgment motion is meritorious. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).
          Owner or Holder of Note
          In his first issue presented, appellant argues that the summary judgment proof
fails to establish that Mills is the owner or holder of the Note. 
          To prevail on his summary judgment motion, Mills was required to prove (1)
the Note in question, (2) that the party sued (the Leavings) signed the Note, (3) that
Mills is the owner or holder of the Note, and (4) that a certain balance is due and
owing on the Note. SMS Financial, LLC v. ABCO Homes, Inc., 167 F.3d 235, 238
(5th Cir. 1999); Bean v. Blue Bonnett Savings Bank, 884 S.W.2d 520, 522 (Tex.
App.—Dallas 1994, no writ); Clark v. Dedina, 658 S.W.2d 293, 295 (Tex.
App.—Houston [1st Dist.] 1983, writ dism’d). The parties do not dispute that Mills
established the first and second elements. Rather, appellant contends that Mills failed
to prove that he was the owner or holder of the Note, a prerequisite to establishing his
entitlement to damages and his right to foreclose on the Leavings’ property. We
agree.
          A holder, as used in this context, is “the person in possession of a negotiable
instrument that is payable either to bearer or to an identified person that is the person
in possession.” Tex. Bus. & Comm. Code Ann. § 1.201(21) (Vernon Supp. 2004);
SMS Financial, 167 F.3d at 238. Negotiation is the “transfer of possession of an
instrument . . . by a person other than the issuer to a person who thereby becomes its
holder.” Tex. Bus. & Comm. Code Ann. § 3.201(a) (Vernon 2004); SMS Financial,
167 F.3d at 238. “[I]f an instrument is payable to an identified person, negotiation
requires transfer of possession of the instrument and its indorsement by the holder.”
Tex. Bus. & Comm. Code Ann. § 3.201(b); SMS Financial, 167 F.3d at 238. When
an instrument is payable to an identifiable person, the “holder” is the person in
possession if he is the identified person. SMS Financial, 167 F.3d at 238. A holder
of an instrument is a “[p]erson entitled to enforce” an instrument. Id. Thus to prove
his entitlement to summary judgment on the Note, Mills had to prove up a chain of
title to the Note. He did not.
          While Mills presented summary judgment proof establishing that the Leavings
executed both the Note and the Truth in Lending Disclosures on November 14, 1985
and that Solar Marketing transferred the Note that same day to Briercroft Service
Corporation, he has presented no legally sufficient evidence of the Note’s subsequent
history. 
          While we accept as true the uncontroverted testimony of Daniel Bell that the
Leavings’ Note was included in a “Transfer and Assignment Agreement” from
Briercroft Services to Old Republic which was signed by Jon G. Moyer for Briercroft
Service and that that agreement was included in a “Loan Sale Agreement dated
October 23, 1995, subject to the terms and conditions of the Loan Sale Agreement,”
the Bell affidavit presented no evidence of what the terms and conditions of the Loan
Sale Agreement were. Similarly, while we accept as true the statement in the
Comstock affidavit that at one time a true and correct copy of the October 23, 1995
Loan Sale Agreement between Briercroft Service Corporation and the RTC as
Receiver for Old Republic was attached to that affidavit, no such attachment was filed
with this Court. Since the Loan Sale Agreement is not included in the summary
judgment record, there is no evidence as to the terms and conditions under which Old
Republic acquired the Note; hence, there is no proof of the terms and conditions that
may have attached when Mills subsequently acquired it. 
          Even more importantly, although Mills represents in his affidavit that the
Comstock affidavit proves his own purchase of the Leavings’ Note from Old
Republic, the Comstock affidavit contains no such statement; Comstock merely
acknowledges her understanding that her affidavit will become part of Mills’ records
and will be used as an exhibit in a court of law. Therefore, Mills has failed to
establish that he is the holder of the Leavings’ Note, and thereby entitled to recover
on the Note. Moreover, although Mills testified that he was the owner of the Note,
his affidavit testimony was conclusory and not substantiated by any other summary
judgment evidence. A conclusory affidavit is not competent summary judgment
proof. See Texas Division-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex.
1994); Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). Thus, there is
neither competent summary judgment proof that Mills is the holder of the Leavings
Note nor competent proof that Mills is the owner of the Note. Mills has therefore
failed to establish his right to recover on the Note; much less, the terms and
conditions under which he is entitled to recover.


 We hold that Mills has failed to
establish his entitlement to summary judgment. 
          We sustain appellant’s first point of error. Given this disposition, we need not
address appellant’s remaining points of error. 
Conclusion 
          We reverse and remand for further proceedings. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Bland.