**AFFIRMED; Opinion Filed August 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00926-CV

### SUN KYUM CHA A/K/A STEPHEN CHA AND HUN KYU LEE, M.D., Appellants
### V.
### BRANCH BANKING AND TRUST COMPANY, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-15020**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

This is an appeal from a summary judgment and default judgment in a deficiency action.

Sun Kyum Cha a/k/a Stephen Cha and Hun Kyu Lee, M.D. bring six issues contending the trial

court erred in granting judgment in favor of Branch Banking and Trust Company because (1) the

summary judgment evidence did not establish that BB&T was the owner or holder of the note,

(2) the loan accounting information submitted by BB&T was incomplete, and (3) appellants did

not waive their right to a fair market value offset on the deficiency. We affirm the trial court's

judgment.

### BACKGROUND FACTS

On October 29, 2005, Lee, in his capacity as vice president of Lee & Cha, Inc., executed

a construction loan agreement and promissory note for the principal sum of $912,000 with a

maturity date of October 28, 2010. Lee & Cha was the maker of the note and Colonial Bank N.A. was the original payee. The note was secured by a first lien deed of trust on the property that was the subject of the construction loan. In addition, appellants each signed a guaranty agreement stating that they "unconditionally, absolutely and irrevocably guarantee[] the prompt payment when due to Colonial Bank, N.A. . . ., its successors and assigns, of any and all indebtedness or other liability, fixed or contingent, which Lee & Cha, Inc. . . . may now or at any time hereafter owe [Colonial Bank].

Before the note matured, Colonial Bank was placed into receivership with the FDIC. David Hendricks, senior vice president of the Acquired Asset Group, Problem Loan Administration at BB&T testified that BB&T became the successor-in-interest to Colonial Bank as to the loan documents and guaranties at issue by virtue of an asset acquisition and an assignment from the FDIC.

Lee & Cha eventually defaulted on payment of the note and appellants failed to pay on their guaranties. In June 2011, BB&T posted the property securing the loan for foreclosure under the terms of the deed of trust. The foreclosure was temporarily stayed when Lee & Cha filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The stay was lifted by an agreed order four months later, and BB&T purchased the property at the foreclosure sale. Thereafter, Lee & Cha made two payments on the note. After applying the proceeds from the foreclosure sale and the additional payments made by Lee & Cha to the unpaid balance, BB&T asserted that there was a deficiency of $223,026.17.

On December 20, 2013, BB&T brought this suit against appellants and Lee & Cha for the deficiency amount. Lee & Cha did not file an answer or make an appearance in the case. Appellants, however, filed an unverified general denial and request for an accounting.

On February 28, 2014, BB&T moved for a default judgment against Lee & Cha. In support of the motion, BB&T submitted the citation and proof of service on Lee & Cha together with an affidavit made by Hendricks which attached true and correct copies of the loan agreement, note, deed of trust, the guaranties, and a loan summary. Hendricks testified that neither Lee & Cha nor appellants had paid the amounts due under the note and guaranties and BB&T was seeking to recover the deficiency as reflected in the loan summary. The trial court granted the default judgment on March 5.

BB&T also filed a motion for partial summary judgment seeking to recover under the guaranties. BB&T submitted several documents in support of the motion including the Hendricks affidavit. After the motion was filed, appellants filed an amended answer asserting for the first time that the property foreclosed upon was not sold in a commercially reasonable manner and they were entitled to a determination of the fair market value of the property under sections 51.004 and 51.005 of the Texas Property Code. Appellants also filed a response to BB&T's motion attaching affidavits in which each of them testified they "believe[d] the fair market value of the Property was at least $935,682.23." A hearing was held on BB&T's motion during which the trial court asked for additional briefing. Both BB&T and appellants submitted letter briefs on the applicability of commercial reasonability to the foreclosure of real property and appellants' right to assert a fair market value offset to the deficiency amount.

On April 14, 2014, the trial court signed a final judgment referencing the earlier granted default judgment and granting BB&T's motion for partial summary judgment. The court awarded BB&T the full amount of the deficiency it claimed was owed together with prejudgment and post-judgment interest and attorney's fees. Appellants filed a motion for new trial which was denied. This appeal ensued.

ANALYSIS

## A. Evidence of Note Ownership

In their first and second issues, appellants contend the trial court erred in granting summary judgment against them because BB&T failed to establish as a matter of law that it was the owner of the note and guaranties. Appellants point to two alleged defects with BB&T's summary judgment evidence. First, they contend the Hendricks affidavit was conclusory and insufficient to show ownership. Second, they contend the assignment document submitted by BB&T as part of its summary judgment evidence created a genuine issue of material fact because it references an entirely different loan transaction. We disagree with appellants on both points.

To recover on a promissory note, the plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note. *See Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex. App.—Dallas 1994, no writ). Absent controverting evidence, affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes. *Id*. Affidavit testimony can also establish transfer of ownership or assignment of a note from a receiver to another institution. *Id*. Documentary proof is not necessary to prove the transfer. *See Leavings v. Mills*, 175 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

In this case, Hendricks testified he was the senior vice president of the Acquired Asset Group, Problem Loan Administration at BB&T and his job duties included monitoring and overseeing the servicing and collection of the indebtedness due under the loan documents and guaranties at issue. True and correct copies of the loan documents and guaranties were attached

to the affidavit. Hendricks further testified that BB&T was the successor-in-interest to Colonial Bank by virtue of an asset acquisition from the FDIC and that the FDIC assigned the documents evidencing and securing the loan and guaranties to BB&T. In addition, Hendricks testified BB&T was the current owner and holder of the note as well as the beneficiary of the loan documents and guaranties. Finally, Hendricks testified that the note and guaranties were in default and stated the amounts owed.

Hendricks's testimony is substantively identical to affidavit testimony this Court held sufficient in *Bean v. Bluebonnet Savs. Bank FSB* to show both transfer from a receiver and ownership of the note for purposes of summary judgment. *See Bean*, 884 S.W.2d at 522–23. An affidavit, made on personal knowledge of a bank officer, that recites the principal and interest due and which identifies the note and guaranties is not conclusory and is competent to support a summary judgment. *See Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank–Farmers Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ). Appellants do not distinguish *Bean* from the facts presented here other than to state that the transfer at issue in *Bean* was from the FSLIC rather than the FDIC. Appellants fail to explain how there is any distinction between the two receivers that makes a difference for purposes of this analysis.

Attached to BB&T's motion for partial summary judgment was an assignment by the FDIC to BB&T of security instruments and loan documents pertaining to a promissory note dated August 18, 2006 in the principal amount of $22,207,115. The assignment was not of the security instruments and loan documents at issue in this case.[1] Appellants contend the presence of this assignment in the summary judgment evidence creates a fact issue precluding summary judgment. In support of this argument, appellants rely on the case of *Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

---

[1] BB&T's appellate brief does not discuss its inclusion of this assignment in summary judgment evidence.

In *Alphaville*, the court held that an affidavit submitted by the plaintiff bank failed to establish the bank's ownership of the note at issue because the documents on which the affiant expressly relied failed to show that the note had been transferred to the bank. *Id*. at 160–61. In contrast to the facts presented in *Alphaville*, Hendricks does not rely upon or even reference the assignment document attached to the motion. Nor does anything in the motion or Hendricks's affidavit attempt to authenticate the assignment document as a true and correct copy of the assignment at issue. Hendricks's testimony is sufficient on its own to prove the assignment of the note from the FDIC to BB&T. *See Leavings*, 175 S.W.3d at 312. Because Hendricks's testimony does not reference or rely on the assignment document that appears to have been submitted in error, there is no conflict in the evidence creating a fact issue. We resolve appellants' first two issues against them.

## B. Evidence of Amounts Due

In their third and fourth issues, appellants contend the trial court erred in granting both the default judgment and the summary judgment because BB&T failed to submit competent evidence of the amounts due and owing. Specifically, appellants contend BB&T was required to submit documentary evidence of the account payment activity from the inception of the loan to the date of trial rather than just from the date that BB&T acquired the note from the FDIC. Appellants rely on our opinion in *RES-TX Boulevard, L.L.C. v. Boulevard Builders/CITTA Townhomes, L.P.*, No. 05-12-01450-CV, 2014 WL 1483578 (Tex. App.—Dallas April 15, 2014, no pet.) to support this proposition. Although we held in *RES-TX* that the evidence submitted by the plaintiff bank did not conclusively show the balance owed on the notes in question, nothing in our opinion can be read to require a movant for default judgment or summary judgment to submit an accounting or other documentary evidence showing payment activity for the life of the

note sued upon.[2] *Id.* at *3. As stated above, an uncontroverted affidavit, made on personal knowledge by a bank officer, that identifies the note and guaranty and recites the principal and interest due, is not conclusory and is sufficient to support a summary judgment. *See Am. 10-Minute Oil Change*, 783 S.W.2d at 601. Appellants submitted no evidence to contradict the Bank's proof of the amount of the deficiency. The bank was not required to file detailed proof of the calculations reflecting the balance due on the note. *See Myers v. Sw. Bank*, No. 02-14-00122-CV, 2014 WL 7009956 (Tex. App.—Fort Worth Dec. 11, 2014, pet. denied).

Appellants suggest a complete accounting was required to support the default judgment because BB&T's damages were unliquidated. Even if the damages in this case could be considered unliquidated, which we do not conclude, Hendricks's affidavit testimony was sufficient to support the award. *See Tex. Commerce Bank, Nat. Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (affidavit testimony of total amount due under written instrument is legally sufficient to support award of that amount in default judgment). We resolve appellants' third and fourth issues against them.

## C. Fair Market Value Offset

In their fifth and sixth issues, appellants contend the trial court erred in granting summary judgment in favor of BB&T on the full amount of the deficiency because they provided summary judgment evidence supporting their right to a fair market value offset on the amount. BB&T responds arguing, among other things, that appellants failed to provide any competent summary judgment evidence to show the fair market value of the property at the time it was foreclosed upon. To raise a fact issue and defeat summary judgment, appellants were required to

---

[2] The admissible evidence submitted by the bank in *RES-TX* consisted of two agreements, unsigned by the bank, in which the borrower and guarantor acknowledged and agreed that they "believe[d]" the outstanding principal balance was "approximately" $5.5 million dollars on one note and $2.8 million on the other. *Id*. at *2. Based on the inherent ambiguity of the words "believe" and "approximate," together with the fact that the agreements were undated and appeared to have been generated two years before trial, we held there was no evidence conclusively showing the amounts owed on the notes as of the date of trial. *Id*. at *3

submit competent evidence of the fair market value of the property. *See Myers*, 2014 WL 7009956 at *5 (party relying on affirmative defense of offset to defeat summary judgment must produce competent evidence of fair market value at time of foreclosure sale).

In response to the motion for summary judgment, appellants each submitted an affidavit in which they testified that they "believe[d]" the fair market value of the property was "at least" $935,682.23. An affidavit by an interested witness that recites the affiant "estimates" or "believes" certain facts to be true is not competent summary judgment evidence and will not raise a fact issue. *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *see also RES-TX*, 2014 WL 1483578, at *3.

Appellants also point to the proof of claim BB&T submitted to the bankruptcy court in which it stated that the amount of its secured claim was $935,682.23. Appellants assert that this amounted to a judicial admission that the fair market value of the property was equal to or greater than the outstanding loan balance. Appellants cite no authority to support this assertion and we have found none. The proof of claim filed by BB&T merely shows that BB&T had a claim against Lee & Cha for $935,682.23 that was secured by a deed of trust on the property. Nothing in BB&T's filing can be read as a valuation of the property.

Appellants appear to suggest that such a valuation may be implied by the fact that BB&T put the entire loan balance as the amount secured and did not state that any part of the loan balance was unsecured. At the time the proof of claim was filed, however, there was no part of the loan balance that was not secured. If, after a foreclosure sale has been conducted, there is a deficiency, the deficiency amount may be considered unsecured. *See Gibraltar Mortg & Loan Corp. v. Lerman*, 346 S.W.2d 487, 488 (Tex. Civ. App.—Waco 1961, no writ). But this does not occur until after the foreclosure sale. Because appellants failed to submit any competent summary judgment evidence of the fair market value of the property at the time of foreclosure,

we conclude the trial court did not err by granting summary judgment on the full amount of the deficiency. We resolve appellants' fifth and sixth issues against them.

Based on the foregoing, we affirm the trial court's judgment.

/David W. Evans/
DAVID EVANS
140926F.P05 JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SUN KYUM CHA A/K/A STEPHEN CHA
AND HUN KYU LEE, M.D., Appellants

No. 05-14-00926-CV     V.

BRANCH BANKING AND TRUST
COMPANY, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-15020.
Opinion delivered by Justice Evans. Justices
Fillmore and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee BRANCH BANKING AND TRUST COMPANY recover
its costs of this appeal from appellants SUN KYUM CHA A/K/A STEPHEN CHA AND HUN
KYU LEE, M.D..

Judgment entered this 25th day of August, 2015.