02-12-027-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00027-CV

 

 


 
 
 John Margetis and Mickey Margetis
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Frost National Bank
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
three issues, Appellants John Margetis and Mickey Margetis, appearing pro se,
appeal from the trial court’s summary judgment awarding Appellee Frost National
Bank damages of $5,440.52, plus $3,437.00 in attorneys’ fees, court costs, and postjudgment
interest.  We will affirm.

II.  Factual and Procedural Background

          In
May 2003, Appellants executed a note in the principal amount of $7,905.81,
which was made payable to Arlington National Bank.  To secure the debt created
by the note, Appellants executed a security agreement granting Arlington
National Bank a security interest in a 1994 freightliner.  The note was later
fully transferred and assigned to Frost Bank.  The note matured on its own
terms in May 2007.  By December 2009, the remaining balance of the note, including
interest, was $4,656.20.  Frost Bank demanded that Appellants surrender the
1994 freightliner, but Appellants “defaulted in doing so.”  

          Frost
Bank thereafter brought suit to recover the balance of the note, along with the
interest and charges that had accrued, and attorneys’ fees.  Appellants filed
an answer generally denying Frost Bank’s claims.  Frost Bank moved for summary
judgment, arguing that there is no genuine issue as to any material fact and
that Frost Bank is entitled to judgment as a matter of law.  The trial court
granted summary judgment for Frost Bank, and this appeal followed. 

III.  Standard of Review

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled
to summary judgment on a cause of action if it conclusively proves all
essential elements of the claim.  See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  

IV.  Frost Bank Is Entitled to Summary Judgment

          Appellants
raise three issues on the “Issue Presented” page in their brief:

1.       The trial
court erred by issuing a summary judgment, when proper service or notice was
not given.

 

2.       The trial
court erred in issuing a summary judgment obtained through submission, when in
fact, Arlington National Bank was the owner, and not Frost Bank.

 

3.       The trial
court erred in allowing the defendants to obtain this judgment through attorney
gamesmanship and unclean hands. 

 

Appellants’
argument for all three issues consists only of the following:  “The trial Court
has no authority to enter a summary judgment when,” which is followed by two
pages of text that have been copied from a case, the text of rule 166a(a), and
the conclusion that “[i]f the rights of parties would have been adjudicated,
the trial court would have allowed the defendants to have a jury trial and have
their fair day in court, as was requested in their timely original petition filing.”


          In
a summary judgment proceeding, the nonmovant must expressly present to the trial
court, by written answer or response, any issues defeating the movant’s
entitlement to summary judgment.  McConnell v. Southside ISD, 858 S.W.2d
337, 343 (Tex. 1993).  Issues not expressly presented to the trial court by
written motion, answer, or other response shall not be considered on appeal as
grounds for reversal.  Tex. R. Civ. P. 166a(c); see McConnell, 858
S.W.2d at 343.  While the nonmovant need not file an answer or response to the
summary judgment motion, the nonmovant who does not file a response may contend
on appeal only that the movant’s evidence supporting the motion was
insufficient as a matter of law or that the grounds in the motion do not
dispose of all the claims in the case.  Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

          Because
Appellants did not raise any of their issues in the trial court in a response
to Frost Bank’s motion for summary judgment or in a postjudgment motion,[2]
we broadly construe Appellants’ issues as arguing that the trial court erred by
granting summary judgment to Frost Bank because the evidence supporting the
motion was insufficient as a matter of law.   To recover on a promissory note,
the plaintiff must prove: (1) the note in question, (2) the party sued signed
the note, (3) the plaintiff is the owner or holder of the note, and (4) a
certain balance is due and owing on the note.  See Manley v. Wachovia Small
Bus. Capital, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied). 
The summary judgment evidence established the note in question, that Appellants
signed the note, that Frost Bank is the owner or holder of the note, and that
Appellants did not pay the note when it matured.  We hold that Frost Bank
conclusively proved all the essential elements of its claim and was entitled to
summary judgment as a matter of law.  See Affordable Motor Co. v. LNA, LLC,
351 S.W.3d 515, 520–21 (Tex. App.—Dallas 2011, pet. denied) (holding
that lender established the four elements as a matter of law and satisfied its
summary judgment burden); Fritz v. Inter Nat’l Bank, No. 13-01-00851-CV,
2003 WL 22025867, at *4 (Tex. App.—Corpus Christi Aug. 29, 2003, no pet.) (mem.
op.) (stating that the uncontroverted summary judgment evidence showed that the
Bank owned the Note, that Fritz made the Note, and that the Note was in default;
“[o]n that basis, we conclude that, as a matter of law, the Bank is entitled to
recover from Fritz the principal and interest due on the Note in the amount
awarded by the trial court.”).  We therefore overrule Appellants’ three issues.

V.  Conclusion

          Having
overruled Appellants’ three issues, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
WALKER, DAUPHINOT, and GABRIEL, JJ.

 

DELIVERED:  October 18, 2012 


 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00027-CV

 

 


 
 
 John
 Margetis and Mickey Margetis
  
  
 v.
  
  
 Frost
 National Bank
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From County Court at Law
 No. 2
  
 of
 Tarrant County (2010-087795-2)
  
 October
 18, 2012
  
 Per
 Curiam
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellants John Margetis and Mickey Margetis shall pay
all of the costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER
CURIAM

 

 









[1]See Tex. R. App. P. 47.4.





[2]Because, as set forth
above, Appellants filed an answer in the trial court, we interpret their first
issue as a complaint regarding lack of service and notice regarding the motion
for summary judgment and the hearing thereon.  A party who has no notice of the
summary judgment hearing is unable to attend the hearing and should be able to
preserve error by post-trial motion.  Rios v. Tex. Bank, 948 S.W.2d 30,
33 (Tex. App.—Houston [14th Dist.] 1997, no writ).  Appellants, however, did
not file a postjudgment motion.  Moreover, the record reveals that Frost Bank
served on Appellants its motion for summary judgment and gave notice to
Appellants of the hearing on its motion for summary judgment via regular mail
and certified mail at the address Appellants used in their answer.