**Affirm and Opinion Filed April 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01450-CV

### RES-TX BOULEVARD, L.L.C., Appellant
### V.
### BOULEVARD BUILDERS/CITTA TOWNHOMES, LP
### AND BOULEVARD BUILDERS/CITTA GP, L.L.C., Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-02921**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

Appellant RES-TX BOULEVARD, L.L.C. sued appellees on certain promissory notes and guaranties. The trial judge granted partial summary judgment in favor of appellant as to liability and conducted a bench trial on the issue of damages. The trial judge then rendered a take-nothing judgment against appellant. On appeal, appellant argues (1) that it conclusively established the amount of its damages, and alternatively (2) that the judge erred by excluding two exhibits from evidence. We affirm.

### I. BACKGROUND

Appellant alleged the following facts. Franklin Bank, S.S.B. made construction loans to appellee Boulevard Builders/CITTA Townhomes, LP (Borrower) pursuant to two promissory notes. The other appellee, Boulevard Builders/CITTA GP, L.L.C. (Guarantor), guarantied

Borrower's obligations under those notes. Franklin Bank closed in 2008, and the FDIC as receiver became entitled to enforce performance of the notes and guaranties. The FDIC later transferred its enforcement rights to an entity called Multibank 2009-1 RES-ADC Venture, LLC. Multibank then transferred its rights to appellant. Appellees failed to perform their obligations, and over $5 million remained due and owing on the notes after foreclosure on the collateral.

Appellant sued appellees on the notes and guaranties and moved for summary judgment. The trial judge signed an order granting partial summary judgment in favor of appellant. Specifically, the judge ruled that "Defendants are jointly and severally liable on their Notes and Guaranties for the amount, if any, owed under the Notes." The judge reserved for trial "the amount, if any, owed under the Notes."

The trial judge held a bench trial on the remaining issue in the case. Appellant called one witness and offered five exhibits into evidence. The trial judge excluded two of the exhibits based on appellees' objections. Appellees called no witnesses and introduced no exhibits. After hearing closing arguments, the trial judge took the case under advisement. Several weeks later, the judge signed a judgment ordering appellant to take nothing on its claims. The judge later signed findings of fact and conclusions of law, but then he withdrew and vacated those findings and conclusions by agreement of the parties. Appellant then appealed the judgment to this Court.

Appellant raises two issues on appeal.

## II. SUFFICIENCY OF THE EVIDENCE

In its first issue on appeal, appellant challenges the legal sufficiency of the evidence to support the trial judge's judgment.

We review the legal sufficiency of the evidence to support a trial court's judgment after a bench trial under the same standards applicable to a jury's verdict. *See Ashcraft v. Lookadoo*,

952 S.W.2d 907, 910 (Tex. App.—Dallas 1997) (en banc), *pet. denied*, 977 S.W.2d 562 (Tex. 1998) (per curiam). Because there are no findings of fact, the trial court's judgment implies all findings of fact necessary to support it. *See Weisfeld v. Tex. Land Fin. Co. II*, 162 S.W.3d 379, 381 (Tex. App.—Dallas 2005, no pet.). When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 710 (Tex. App.—Dallas 2011, pet. denied). The appellant must show that there is no evidence to support the trial judge's finding and that the evidence conclusively establishes the finding urged by the appellant. *See R.J. Suarez Enters. Inc. v. PNYX L.P.*, 380 S.W.3d 238, 245 (Tex. App.—Dallas 2012, no pet.). In our review, we must credit evidence favorable to the finding if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We keep in mind that evidence is not necessarily conclusive merely because it is undisputed. *See generally id*. at 814–17. "Evidence is conclusive only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case." *Id*. at 816 (footnote omitted).

Appellees cite no evidence that the amount owed on the notes at the time of trial was zero, and we have found no such evidence in the record. Thus, the question presented is whether appellant proved with conclusive evidence how much money appellees owed on the notes and guaranties, such that the trial judge could not reasonably refuse to find that fact. *See Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied) ("To recover on a promissory note, the plaintiff must prove . . . a certain balance is due and owing on the note."). To establish the amount due on the two notes prior to the foreclosure sale, appellant

relies on two documents admitted into evidence as plaintiff's exhibits 29 and 30. Each document is entitled "Pre-negotiation Agreement," and each concerns one of the two notes executed by Borrower. Each document recites at the beginning that it is "dated as of the __ day of March, 2010," but the blank is not filled in. Both documents are signed by persons purporting to be representatives of Borrower and Guarantor. Each document also contains a space for signature by Multibank as "LENDER," but Multibank did not execute either document. Exhibit 29 contains the following passage in paragraph 3:

> Each of the Borrower Parties acknowledges and agrees . . . that, as of the date hereof, the Parties believe that the outstanding principal balance, not including any accrued and unpaid interest, late fees, protective advances and out-of-pocket expenses that may have been incurred, evidenced and secured by the Loan Documents is approximately $5.5 million.

Exhibit 30 contains the same passage except that it concludes with the figure "$2.8 million." According to appellant, this evidence, plus other evidence that the foreclosure sale brought in $2.5 million, compelled the trial judge to render judgment in appellant's favor in the amount of $5.7 million.[1]

Appellees respond by referring us to the first sentence of paragraph 2, which is the same in each exhibit and which provides as follows:

> The Parties acknowledge and agree that no compromise, settlement, agreement or understanding with respect to the Loan . . . or any Obligations arising thereunder, and no rights, claims, obligations or liabilities of any kind, either express or implied, shall arise or exist in favor of or be binding upon any Party, or any other person, except to the extent (if any) expressly set out in a written agreement executed and delivered by authorized representatives of all stated parties thereto and which expressly states the intent of the parties to be bound thereby.

Appellees point out that the documents were not signed by Multibank, and the only witness at trial testified that he did not remember whether Multibank ever signed them. Appellant responds

---

[1] Mathematically, it would seem that the actual amount of the deficiency should be $5.8 million. Appellant does not explain the discrepancy.

–4–

to appellees' reliance on paragraph 2 by quoting paragraph 1, which states in each Agreement, "Notwithstanding anything to the contrary in this Agreement, the Parties acknowledge and agree that the Parties intend to be bound by the terms of this Agreement and that this Agreement shall be admissible in any legal, judicial, administrative or other proceeding."

We agree with appellees that exhibits 29 and 30 did not conclusively establish the "certain balance," *id*., due and owing on each note at the time of trial. Given the language of paragraph 2, the trial judge was entitled to conclude that Multibank's failure to sign the Pre-negotiation Agreements deprived the Agreements of conclusive probative force. Because there is no evidence the Agreements were ever executed by Multibank, there is no evidence that the agreement set forth in paragraph 1 ever became effective. Moreover, even setting aside Multibank's failure to execute the Agreements, the trial judge was entitled to decide that the documents did not establish a certain balance still due and owing at the time of trial. The key passages in the documents do not establish specific amounts due and owing; rather, they are averments that the parties "believe" that "approximately" certain amounts are owing as outstanding principal. There is no way to tell from the documents how large the possible margin of error is. The probative value of the documents as to the amounts due at the time of trial is further undercut by the fact that the documents are undated and appear to have been generated over two years before the May 2012 trial. We hold that appellant did not adduce evidence at trial showing conclusively what balance was still owed on the notes in question.

We reject appellant's first issue on appeal.[2]

---

[2] In its opening brief, appellant challenges only the legal sufficiency of the evidence. Appellant mentions the factual-sufficiency standard of review in its reply brief, but we do not consider new issues raised for the first time in a reply brief. *See Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) ("A reply brief may not be used to raise new issues.").

### III. EXCLUSION OF EVIDENCE

In its second issue on appeal, appellant argues that the trial judge erred by sustaining appellees' objections and excluding plaintiff's exhibits 2 and 3 from evidence. According to appellant, these two exhibits would have shown that the total amount owed on the notes on March 2, 2012, after allowing an offset for the foreclosure sale, was $5,058,049.57. More than fourteen days before trial, appellant filed these two exhibits, among others, with the court under cover of a business-records affidavit by someone named Luke Carlson. In his affidavit, Carlson identified the attached records as records from appellant, but he also acknowledged that the documents included "records of and analysis that is based, in part, on the records of Franklin Bank and the Federal Deposit Insurance Corporation."

When appellant offered exhibits 2 and 3, appellees objected to the Carlson affidavit and exhibits 2 and 3 on four grounds. One was that Carlson was not timely disclosed in discovery as a person with knowledge of relevant facts. Another was that Carlson was not designated when appellees sought to depose appellant's corporate representative on the subject matter of how appellant calculated the amounts due on the loans. Their third ground was Carlson's lack of personal knowledge of the record keeping of Franklin Bank and the FDIC. And their fourth ground was appellant's failure to produce in the discovery the documents summarized in the alleged business records covered by Carlson's affidavit. After hearing argument from both sides, the trial judge sustained "the objection." Later, the judge clarified that he had sustained the objection to exhibits 2 and 3 based on all grounds urged by appellees' counsel.

In its opening brief on appeal, appellant supports its second issue solely with arguments concerning the admissibility of the exhibits under the business-records exception to the hearsay rule. Appellant does not address the other three grounds of objection that appellees asserted in

the trial court.[3]  Because appellant fails to address all independent grounds for the trial court's ruling, we cannot disturb that ruling.  *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.) (citations omitted); *see also Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling.").

We reject appellant's second issue on appeal.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

121450F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[3] Appellant attempts to address the other grounds for appellees' objection in appellant's reply brief, but "we do not consider arguments raised for the first time in a reply brief."  *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 803 n.5 (Tex. App.—Dallas 2011, no pet.).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RES-TX BOULEVARD, L.L.C., Appellant

No. 05-12-01450-CV    V.

BOULEVARD BUILDERS/CITTA
TOWNHOMES, LP and BOULEVARD
BUILDERS/CITTA GP, L.L.C., Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-02921.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees BOULEVARD BUILDERS/CITTA TOWNHOMES, LP and BOULEVARD BUILDERS/CITTA GP, L.L.C. recover their costs of this appeal from appellant RES-TX BOULEVARD, L.L.C.

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE